**Bikram Jit SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr.,[1] United States Attorney General, Respondent.**

No. 08–1598–ag.

United States Court of Appeals, Second Circuit.

July 17, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Hector M. Roman, Jackson Heights, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Michelle Gordon Latour, Assistant Director, Tracy N. Jones, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, REENA RAGGI, PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Bikram Jit Singh, a native and citizen of India, seeks review of the March 7, 2008 order from the BIA affirming the June 19, 2006 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Ur-

uakpa denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bikram Jit Singh*, No. A97 606 984 (B.I.A. Mar. 7, 2008), *aff'g* No. A97 606 984(Immig. Ct. N.Y. City June 19, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007); *Gjolaj v. BCIS*, 468 F.3d 140, 142 (2d Cir.2006). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

■ The agency did not err in denying Singh's application for asylum for failure to demonstrate that any harm he suffered or feared was on account of his imputed political opinion. 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.16(b)(1).

Singh challenges the finding that the police targeted him primarily for financial gain, and contends that the agency erroneously failed to consider that the police had "mixed motives." Although Singh contends that he and his family were targeted because of their affiliation with an opposition political party, Singh repeatedly testified that he did not know why his family members were targeted; and when asked why the police targeted him, he explicitly testified that "they wanted money." Accordingly, the agency properly determined that Singh failed to establish that he was targeted based on any imputed political opinion and the agency did not err in

declining to find a mixed motive. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005); *Osorio v. INS,* 18 F.3d 1017, 1028 (2d Cir.1994).

Singh also argues that the agency overlooked certain documentary evidence. However, "we presume that an IJ has taken into account all of the evidence before [her], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 n. 17 (2d Cir.2006). The record demonstrates that, although the IJ did not find that the documentary evidence supported Singh's arguments, she relied on Singh's documentary evidence in reaching her decision.

Further, the agency did not err in denying Singh's application for CAT relief. CAT relief requires the applicant to show that he or she would more likely than not be tortured, and it does not require a nexus to a protected ground. *See* 8 C.F.R. §§ 1208.16(c), 1208.17; *Khouzam v. Ashcroft,* 361 F.3d 161, 168 (2d Cir.2004). Although Singh argues that he will likely be tortured because he suffered past harm and human rights abuse is prevalent in India, the agency properly concluded that there was nothing in the evidence or his testimony which demonstrated that Singh would more likely than not be tortured if he returned to India. *See id.*

Singh's withholding of removal claim is deemed abandoned because Singh failed to raise it before the BIA or this Court. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).